### David DONHAUSER, Plaintiff,

### v.

### Glenn S. GOORD, Commissioner of the New York State Department of Correctional Services; Martha E. Yourth, CSW Guidance Specialist; Dominic Martinelli, Sex Offender Program Counselor; and S. Carter, S.C.C., Oneida Correctional Facility, Defendants.

### No. 01–CV–1535.

### United States District Court, N.D. New York.

### April 23, 2004.

David Donhauser, Oneida Correctional Facility, Rome, NY, pro se.

Eliot Spitzer, Albany, NY, Nelson Sheingold, Assistant Attorney General, of Counsel, Attorney General for the State of New York.

### ORDER

HURD, District Judge.

On April 15, 2004, defendants' motion to dismiss the second amended complaint was granted in part and denied in part. (Docket No. 79.) Because plaintiff is likely to succeed on the merits of his claim that his Fifth Amendment rights were violated with respect to the threatened loss of good time credits as a result of his refusal to participate in defendants' Sexual Offender Counseling Program, plaintiff's motion for a preliminary injunction was granted. (Docket No. 80.) Particularly, "defendants

and persons acting under their [direction] and/or control [were] enjoined from requiring a prisoner to divulge his or her history of sexual conduct, including illegal acts for which no criminal charges have been filed, in order to be eligible to participate in the Sexual Offender Counseling Program." *Id.*

On April 21, 2004, defendants filed a notice of appeal of both decisions with the Second Circuit Court of Appeals. (Docket No. 82.) The following day, defendants filed a motion to stay the injunction and all other proceedings in district court pending their appeal. (Docket Nos. 83–84.)

Upon consideration of defendants' submissions, it is

ORDERED that

1. Defendants' motion for a stay is DENIED; and

2. The preliminary injunction is VACATED and AMENDED to read as follows: defendants and persons acting under their direction and/or control are enjoined from depriving a prisoner of good time credits because of the prisoner's refusal to divulge a history of sexual conduct, including illegal acts for which no criminal charges have been filed, in order to be eligible for the Sexual Offender Counseling Program.

IT IS SO ORDERED.